UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) – PETITIONERS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AS TO RELEASE OR PROVISION OF BOND HEARING (Dkt. 5, filed on September 3, 2025)

## I. INTRODUCTION

On September 3, 2025, Ricardo Vazquez Mendez, Efren Garcia Romero, Alexix Colon Noyola, Jesus Andres Garcia, Jorge Monroy Morales, Juan Alberto Gonzalez Alonso, Moises Zaragoza Mosqueda, Romeo Gutierrez (collectively, "petitioners") filed a petition for writ of habeas corpus by individuals in federal custody pursuant to 28 U.S.C. § 2241 against Kristi Noem, Pamela Bondi, Todd Lyons, Ernesto Santacruz Jr., Fereti Semaia, Immigration and Customs Enforcement ("ICE"), and Department of Homeland Security ("DHS") (collectively, "respondents"). Dkt. 1. Petitioners seek a writ requiring that they be released from custody unless respondents provide them with a bond hearing pursuant to 8 U.S.C. § 1226(a).

On the same day, petitioners filed an *ex parte* application for a temporary restraining order ("TRO") that would require respondents to release them from custody or to provide them with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the issuance of a TRO. Dkt. 5 ("App"). The Court immediately issued an order that no petitioners may be removed from the Central District of California, pending further order of the Court. Dkt. 7. On September 5, 2025, respondents filed their opposition to the application for a TRO. Dkt. 8 ("Opp."). On September 6, petitioners filed a reply. Dkt. 9 ("Reply"). On September 8, 2025, respondents filed a notice of supplemental authority, attaching as an exhibit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

Board of Immigration Appeals ("BIA") decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025). Dkt. 10.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    BACKROUND**

Petitioners allege the following:

Petitioners are foreign nationals currently in federal custody at the Desert View Annex and Adelanto ICE Processing Center in Adelanto, California. App. at 2-6. Between June 11, 2025 and July 23, 2025, ICE arrested and charged each petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. Id. Prior to their arrests, petitioners resided in the United States. Id.

After being detained, each petitioner requested a bond hearing before an immigration judge. Id. In each instance, between July 16, 2025 and August 19, 2025, an immigration judge denied the request and issued a decision that the immigration court lacked jurisdiction to conduct a bond hearing. Id.

The immigration judges' decisions were consistent with a recent DHS policy[1] that considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Id. at Ex. Y. Pursuant to section 1225(b)(2)(A) "applicants for admission" who are "seeking admission" are subject to mandatory detention. Id. Prior to the new policy, foreign nationals, like petitioners, who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole. Id. at 1-2.

Based on these allegations, petitioners argue that their ongoing detention without bond hearings violates 8 U.S.C. § 1226(a); the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2); and their Fifth Amendment Rights to Due Process. Dkt. 1 ¶¶ 88-98.

---

[1] See App., Ex. Y, ICE Memo: "Interim Guidance Regarding Detention Authority for Applicants for Admission" (published July 8, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

### III. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal. Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (citation omitted).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

### IV. DISCUSSION

Petitioners have provided respondents with notice of this *ex parte* filing, and respondents have filed an opposition. The Court finds that petitioners' *ex parte* request for relief is appropriate because petitioners allege that their continued detention without bond hearings, which they would be entitled to under 8 U.S.C. 1226(a), constitutes irreparable injury. App. at 2; see Mission Power, 883 F. Supp. at 492.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

Respondents raise three reasons why the Court should deny petitioners' application for a TRO: (1) that the Court lacks jurisdiction over the matter; (2) that petitioners fail to meet the requirements for injunctive relief; and (3) that petitioners are required to first exhaust their administrative remedies before seeking judicial intervention. Opp. at 1-2. The Court addresses respondents' arguments in turn.

### A. Jurisdiction

Respondents argue that 8 U.S.C. § 1252(b)(9) and (g) deprive the Court of jurisdiction over petitioners' claims. Opp. at 4-8. The Court addresses each subsection in turn.

Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

Respondents cite <u>Jennings v. Rodriguez</u>, 583 U.S. 281 (2018) for the proposition that petitioners' claims are within the scope of section 1252(b)(9) because the government's decision to detain petitioners arises from DHS's decision to commence removal proceedings. Opp. at 8.

The Court finds <u>Jennings</u> to require the opposite conclusion. The Supreme Court determined that the "arising from" language of section 1252(b)(9) should not be interpreted so expansively as to include any action that technically follows the commencement of removal proceedings, because that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until a final order of removal was issued. <u>Jennings</u>, 583 U.S. at 292-95. Petitioners, like the class in <u>Jennings</u>, "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even

Case 5:25-cv-02304-CAS-BFM   Document 11   Filed 09/08/25   Page 5 of 11   Page ID #:254

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

challenging any part of the process by which their removability will be determined." Therefore, as in Jennings, "[u]nder these circumstances, § 1252(b)(9) does not present a jurisdictional bar." Id. at 294-95.

> Section 1252(g) provides:
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added).

Respondents argue that section 1252(g) bars judicial review of petitioners' bond denial claims because those claims stem from their detention, which arises from the decision to commence removal proceedings against them. Opp. at 5-6.

The Court finds that the same reasoning discussed above with respect to section 1252(b)(9) applies to section 1252(g). See Jennings, 583 U.S. at 294 ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Since petitioners' bond denial claims do not challenge any decision to commence proceedings, adjudicate cases, or execute removal orders, the Court finds that section 1252(g) does not present a jurisdictional bar to judicial review.

### B.   Merits of Injunctive Relief

Respondents note that the government takes the same legal position here as it has taken in opposition to *ex parte* TRO applications in at least four other proceedings brought in this District involving the same legal issue.[2] Opp. at 1. The Court notes that

---

[2] Lazaro Maldonado Bautista, et al. v. Ernesto Santacruz Jr, et al., 5:25-cv-01873-SSS-BFM; Javier Ceja Gonzalez, et al. v. Kristi Noem, et al., 5:25-cv-02054-ODW-ADS;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

in each of those cases, TROs were granted.[3]  The first decision held that the petitioners "raise[d] serious questions about the legality of their prolonged detention without a bond hearing."  Lazaro Maldonado Bautista, et al. v. Ernesto Santacruz Jr, et al., 5:25-cv-01873-SSS-BFM, dkt. 14 at 7.  The other three decisions found that the petitioners showed a likelihood of success on the merits.  Supra note 2.  The petitioners in *Bautista* filed a class action complaint on behalf of themselves and others similarly situated on July 28, 2025.  5:25-cv-01873-SSS-BFM, dkt. 15.  While decisions in those proceedings are not binding on this Court, they are entitled to respectful consideration.  Therefore, the Court proceeds with its own evaluation of whether injunctive relief is warranted.

The Court finds that the four Winter factors favor granting the relief requested by petitioners.

    1.    Likelihood of Success on the Merits

Petitioners argue that their detention is governed by section 1226(a), and that they are unlawfully subjected to mandatory detention under section 1225(b)(2).  App. at 5.  In opposition, respondents argue that petitioners are "applicants for admission" under section 1225(a)(1), and that petitioners are subject to mandatory detention under section 1225(b)(2) as noncitizens "seeking admission".  Opp. at 9-11.

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) and pending such decision, the Attorney General—
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on—
>         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . .

8 U.S.C. § 1226(a).

---

Jorge Arrazola-Gonzalez, et al. v. Kristi Noem, et al., 5:25-cv-01789-ODW-DFM; and Ruben Benitez et al. v. Kristi Noem, et al., 5:25-cv-02190-RGK-AS.
[3] See dkts. 14, 12, 10, and 11, respectively, in cases listed in the previous footnote.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

"Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 1236.1(d)(1)); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including . . . an initial bond hearing before a neutral decisionmaker.").

Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that *an alien seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

The Court agrees with petitioners that the plain text of section 1226(a) applies to them. App. at 7. Respondents do not appear to argue otherwise. See generally Opp. Instead, respondents contend that the mandatory detention provision of section 1225(b)(2) presents an "irreconcilable conflict" with the bond hearing provision of section 1226(a), and therefore, the specific detention authority of section 1225 governs over the more general authority of section 1226. Id. at 9 (citing Karczewski v. DCH Mission Valley LLC, 862 F.3d 1006, 1015 (9th Cir. 2017) ("When confronted with an irreconcilable conflict in two legal provisions, we may apply the interpretive principle that the specific governs over the general.").

The Court disagrees with respondents' contention that Congress intended to create a conflict between juxtaposing sections of the same statute. See Shulman v. Kaplan, 58 F. 4th 404, 410-11 (9th Cir. 2023) ("[Courts] must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."). The Court finds that the conflict is avoided by interpreting sections 1225(b)(2) and 1226(a) to apply to different sets of noncitizens—those "seeking admission" compared to those already in the country who are arrested and detained. See, e.g., Jennings, 583 U.S. at 281, 297 (noting that section 1226 applies to "certain aliens *already in the country*," while section 1125(b) "applies primarily to aliens *seeking entry into the United States*") (emphasis added).

Petitioners argue that "seeking admission" means taking an affirmative act such as arriving at a port of entry or formally applying for admission. App. at 11-12 (citing Torres v. Barr, 976 F.3d 918, 927 (9th Cir. 2020) (en banc)). Respondents argue that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

"seeking admission" is synonymous with "applicant for admission" as defined in section 1225 to include "[a]n alien present in the United States who has not been admitted." Opp. at 9 (citing 8 U.S.C. § 1225(a)(1)). Respondents rely on a BIA determination that "many people who are not actually requesting permission to enter the United States in the ordinary sense are nevertheless deemed to be 'seeking admission' under the immigration laws." Opp. at 10 (citing Matter of Lemus-Losa, 25 I. & N. Dec. 734, 743 (BIA 2012)). But this discussion was in the context of a noncitizen resident in the United States affirmatively applying for an adjustment of status to be admitted as a lawful permanent resident. Id. at 735. In fact, Matter of Lemus-Losa explicitly distinguishes "applicant for admission" from "seeking admission." Id. at 744 (". . . in some cases such an alien will have reentered the United States unlawfully, thereby making himself an 'applicant for admission' by operation of law, while seeking 'admission' through adjustment of status.").

Similarly, respondents rely on Florida v. United States, 660 F.Supp.3d. 1239 (N.D. Fla. 2023), which considered the distinct issue of whether DHS has discretion to detain or release noncitizens apprehended at the border under either section 1225(b)(2) or section 1226(a). Opp. at 10-11. The decision in Florida supports petitioners' arguments in this case:

> In fact, as the Attorney General has explained, "section [1225] (under which detention is mandatory) and section [1226(a)] (under which detention is permissive) can be reconciled only if they apply to different classes of aliens." Matter of M-S-, 27 I. & N. Dec. 509, 516 (Att'y Gen. 2019); see also Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1116 (9th Cir. 2007) (holding that an alien who was apprehended within the interior of the United States necessarily must have been paroled under § 1226(a) . . . because he was not apprehended at the border as a § 1225 arriving alien . . .).

Florida v. United States, 660 F.Supp.3d at 1275.

The Court agrees with petitioners that "seeking admission" requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like petitioners, have been residing in the United States and did not apply for admission or a change of status. Accordingly, the Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

      2.      Likelihood of Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)).  The Court finds that petitioners would be immediately and irreparably harmed by their continued deprivation of liberty without bond hearings that they are entitled to under section 1226(a).  See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

      3.      Balance of the Equities and Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).  Respondents argue that the government has a compelling interest in the enforcement of its immigration laws.  Opp. at 16 (citing cases).  The Court agrees.  Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of petitioners because petitioners challenge a policy that is likely in violation of federal law.  See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").  Considering the TROs granted in similar cases and the ongoing litigation in *Bautista*, the Court is not persuaded that judicial intervention here would disrupt the status quo or inject uncertainty into the immigration enforcement process.  Opp. at 16.

Respondents also argue that the Court should require petitioners to exhaust their administrative remedies to protect BIA's "institutional interest" in its "administrative agency authority."  Opp. at 16 (citing cases).  The Court addresses respondents' exhaustion arguments in the following section.

      C.      **Exhaustion of Remedies**

Respondents argue that petitioners' failure to exhaust their administrative remedies before the BIA is not justified and, therefore, judicial review of their claims would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

improper. Opp. at 12-13. Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969). "If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). Here, respondents do not assert, nor does the Court find, an applicable statutory exhaustion requirement. Therefore, the Court considers whether it should require exhaustion as a prudential matter. See id.

"Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). Respondents argue that each of these reasons supports a requirement of prudential exhaustion. Opp. at 12-15. The Court disagrees.

First, agency consideration is not necessary to generate a proper record and reach a proper decision because there are no factual questions in dispute. Instead, the parties dispute whether petitioners' detention is governed by section 1225(b)(2) or section 1226(a). These are purely legal questions of statutory interpretation. Respondents recognize that agency interpretation carries little, if any, weight in resolving questions of statutory interpretation. Opp. at 12 (citing Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024)).

Second, respondents argue that not requiring exhaustion would encourage other detainees to deliberately bypass administrative remedies. Opp. at 13-14. The Court agrees that waiving exhaustion may result in similarly situated individuals seeking direct judicial review of their no-bond determinations, and that this might increase the burden on district courts. Id. Nevertheless, the Court is persuaded by petitioners' argument that appeals to BIA would likely be futile. App. at 19-20. As petitioners point out, the most recent BIA decision on this issue has adopted the legal interpretation of the new DHS policy that petitioners challenge. Reply at 8-9 (citing Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025)).

Third, for the same reason, the Court is not convinced that administrative review would allow BIA to correct its own mistakes and to preclude the need for judicial review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 5:25-cv-02304 CAS (BFM) | Date | September 8, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

The Court finds that the statutory interpretation question at the center of this case must be resolved by a judicial decision on the merits. See generally Loper Bright Enters., 603 U.S. 369. Until such a decision is reached, and BIA no longer applies a policy that likely violates federal law, the circumstances do not present a need for requiring prudential exhaustion. Accordingly, the Court exercises its discretion to not require exhaustion of administrative remedies.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** petitioners' application for a TRO. It is hereby **ORDERED** that:

1. Respondents are enjoined from continuing to detain petitioners unless they are provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

2. Respondents are enjoined from transferring, relocating, or removing petitioners outside of the Central District of California pending final resolution of this case; and

3. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioners may file a response no later than seven (7) days after respondents' filing. The Court **SETS** a hearing on whether a preliminary injunction should issue on **September 22, 2025, at 10:00 a.m.**, via Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |