UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02304-CAS-BFM | Date | September 16, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (IN CHAMBERS) – ORDER DENYING PRELIMINARY INJUNCTION AS MOOT AND ORDERING PETITIONERS TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE DISMISSED

On September 3, 2025, Ricardo Vazquez Mendez, Efren Garcia Romero, Alexix Colon Noyola, Jesus Andres Garcia, Jorge Monroy Morales, Juan Alberto Gonzalez Alonso, Moises Zaragoza Mosqueda, Romeo Gutierrez (collectively, "petitioners") filed a petition for writ of habeas corpus by individuals in federal custody pursuant to 28 U.S.C. § 2241 against Kristi Noem, Pamela Bondi, Todd Lyons, Ernesto Santacruz Jr., Fereti Semaia, Immigration and Customs Enforcement ("ICE"), and Department of Homeland Security ("DHS") (collectively, "respondents"). Dkt. 1. Petitioners sought a writ requiring that they be released from custody unless respondents provided them with a bond hearing pursuant to 8 U.S.C. § 1226(a).

On the same day, September 3, 2025, petitioners filed an *ex parte* application for a temporary restraining order ("TRO") that would require respondents to release them from custody or to provide them with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the issuance of a TRO. Dkt. 5. The Court immediately issued an order that no petitioners may be removed from the Central District of California, pending further order of the Court. Dkt. 7.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-02304-CAS-BFM | Date | September 16, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

On September 8, 2025, the Court issued an order enjoining respondents from continuing to detain petitioners unless petitioners are provided bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the order. Dkt. 11. The Court also ordered respondents to show cause in writing as to why the Court should not issue a preliminary injunction. Id.

On September 15, 2025, respondents filed a response to the order to show cause as to why the Court should not issue a preliminary injunction. Dkt. 13. Respondents argue that providing petitioners with individualized bond hearings pursuant to 8 U.S.C. § 1226(a) or otherwise releasing them from detention moots the requested preliminary injunction and petitioners' habeas petition more generally. Id. On September 16, 2025, respondents filed a supplemental response to the order to show cause, providing orders by immigration judges showing that petitioners were provided bond hearings, and all but two were released on bond.[1] Dkt. 14. Respondents request that the Court issue an order to show cause regarding dismissal. Id.

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief that they sought). Further, courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).

Here, petitioners requested bond hearings or to be released from custody. Dkt. 1; dkt. 5. Given that the relief sought by petitioners has been provided, as evidenced by the immigration court orders attached to respondents' supplemental response, dkt. 14, the Court finds the preliminary injunction moot.

///

---

[1] Respondents' supplemental response to the order to show cause, dkt. 14, states that all but one of the eight petitioners were ordered released on bond. However, the documents attached as Exhibit A show that two of the eight petitioners, Romeo Gutierrez and Jorge Monroy Morales, were denied bond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02304-CAS-BFM | Date | September 16, 2025 |
|---|---|---|---|
| Title | Moises Salomon Zaragoza Mosqueda et al. v. Kristi Noem et al. | | |

Accordingly, the Court **DENIES AS MOOT** the preliminary injunction and **VACATES** the hearing scheduled for September 22, 2025. The Court **ORDERS** petitioners to show cause in writing as to why the entire case should not be dismissed as moot by the end of day on September 22, 2025. Respondents shall thereafter respond by the end of day on September 29, 2025. Petitioners will be provided until the end of day on October 6, 2025, to reply to respondents' response. No hearing will be held.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |